UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>1. MICHAEL DERRING a/k/a<br>   MICHAEL WASHINGTON and<br>2. TINA M. WHITE,<br><br>Defendants. | Criminal Case No. **10-10161-WGY LTS**<br><br>VIOLATIONS:<br><br>18 U.S.C. § 371 (Conspiracy)<br><br>42 U.S.C. § 408(a)(7)(B) (Misrepresenting Social Security Number with Intent to Deceive)<br><br>18 U.S.C. § 1029(a)(3) (Possessing 15 or More Unauthorized Access Devices with Intent to Defraud)<br><br>18 U.S.C. § 1028A (Aggravated Identity Theft)<br><br>18 U.S.C. §§ 982(a)(2)(B), 1029(c)(1)(C) (Criminal Forfeiture) |

## INDICTMENT

The Grand Jury charges that at the times specified below:

### COUNT ONE
Conspiracy
18 U.S.C. § 371

### General Allegations

1. Defendant **MICHAEL DERRING**, also known as Michael Washington ("**DERRING**"), lived with defendant **TINA M. WHITE** in the District of Massachusetts.

2. **DERRING** obtained one and more lists of names, dates of birth (DOBs), and Social Security numbers (SSNs) from a relative whom he knew worked at Logan Airport.

3. These names, DOBs, and SSNs belonged to Logan Airport-based employees of the Transportation Security Administration (TSA), the portion of the United States Department

of Homeland Security that is responsible for security at the nation's airports, such as screening commercial airline passengers and their baggage. **DERRING**'s relative worked as a contractor in TSA's human resources department for TSA's Logan Airport employees.

### The Conspiracy Charge

4.  From on or about July 2008 through on or about December 9, 2009, in the District of Massachusetts and elsewhere, the defendants,

**MICHAEL DERRING a/k/a MICHAEL WASHINGTON and TINA WHITE,**

and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree to commit offenses against the United States, namely to (A) falsely represent a number to be the social security account number assigned by the Commissioner of Social Security to one of them and to another person, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to themselves and to such other person, with intent to deceive and for the purpose of obtaining for themselves and any other person (i) any payment, (ii) any other benefit to which they and such other person were not entitled, and (iii) anything of value from any person, in violation of Title 42, United States Code, Section 408(a)(7)(B); (B) knowingly and with intent to defraud possess fifteen and more unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a)(3); and (C) knowingly transfer, possess, and use without lawful authority a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c) — that is, a violation of Title 18, United States Code, Section 1029(a)(3) and of Title 42, United States Code, Section 408(a)(7)(B) — in violation of Title 18, United States Code, Section 1028A(a)(1).

## Manner and Means of the Conspiracy

5. The purposes and objectives of the conspiracy were for **DERRING** and **WHITE** to obtain money for themselves and to obtain utility services for themselves, their relatives, friends, and customers without payment and in a manner to avoid collection of payment.

6. It was part of the conspiracy that **DERRING** unlawfully obtained TSA employees' names, DOBs, and SSNs from a relative who worked as a contractor for TSA.

7. It was further part of the conspiracy that **WHITE** obtained some of the TSA employees' names, DOBs, and SSNs from **DERRING**. **WHITE** knew that **DERRING** had obtained this information from his relative and that the relative worked at the airport.

8. It was further part of the conspiracy that **DERRING** and **WHITE** opened accounts with utility companies to provide gas, electric, cable television, telephone, and other services to themselves and their relatives, friends and customers.

9. When opening the accounts, the companies asked for the customers' names, DOBs, SSNs, and addresses. It was part of the conspiracy that **DERRING** and **WHITE** provided the names, DOBs, and SSNs from the list of TSA employees. The TSA employees did not consent to this use, nor did they know it was occurring.

10. It was further part of the conspiracy that **DERRING** and **WHITE** would tell the recipients of the services the names, DOBs, and SSNs under which the accounts had been opened.

11. The recipients of the services would not pay the bills, knowing that the account-holder details did not match the recipients' names, DOBs, or SSNs.

12. It was part of the conspiracy that **DERRING** and **WHITE** knew and expected

that the recipients would not pay the bills.

13. On at least one occasion, **WHITE** altered the name and SSN each by one character, which could lessen the probability that the TSA employee would discover the fraud.

14. It was further part of the conspiracy that **DERRING**'s and **WHITE**'s customers would pay them and their designees for opening the accounts and providing them the false names, DOBs, and SSNs.

15. It was further part of the conspiracy that **WHITE**'s customers included relatives and friends of state prison inmates referred to her by and through a relative who was a state prison inmate at the time. These customers sought to open telephone accounts using the TSA identities in order to, among other things, circumvent prison telephone usage rules.

## Overt Acts

16. In furtherance of the conspiracy and to effect its illegal objects, the following overt acts, among others, were committed in the District of Massachusetts:

    a. On several occasions from on or about January 2008 through on or about September 2009, during **DERRING**'s relative's tenure as a contractor at TSA, **DERRING** unlawfully obtained TSA employees' names, DOBs, and SSNs from the relative.

    b. On or about October 13, 2008, **DERRING** and **WHITE** ordered telephone service for one of **DERRING**'s relatives, fraudulently using a TSA employee's name and SSN, and aided and abetted the same. The person for whom the account was set up later defrauded the telephone company of over $1,000 in services.

  c. On or about August 16, 2009, **DERRING** ordered telephone service for an associate, fraudulently using a TSA employee's name and SSN, and aided and abetted the same. The associate for whom the account was set up later defrauded the telephone company of over $2,500 in services.

  d. On or about August 28, 2009, **DERRING** and **WHITE** ordered utility services at the apartment they shared in Lynn, MA, fraudulently using a TSA employee's name, DOB, and SSN.

  e. On or about December 1, 2009, **WHITE** provided an individual cooperating with the government ("CW") the name, DOB, and SSN of a TSA employee, with the name, DOB, and SSN each altered by one character, for the purpose of allowing CW to set up a cable television account in exchange for payment, while understanding that this SSN was not CW's and that CW would nonetheless provide it to the cable television company as her own.

  f. On or about December 2, 2009, **WHITE** telephoned CW and asked to be paid for the December 1, 2009 transaction.

  g. On or about December 3, 2009, **DERRING** and **WHITE** continued to receive utility services at the apartment they shared in Lynn, MA, under the account that they had fraudulently set up on or about August 28, 2009, using a TSA employee's name, DOB, and SSN.

  h. On multiple occasions from on or about July 2008 through on or about December 9, 2009, the conspiracy's duration, **DERRING** used a computer to log on to the utility companies' websites and open the accounts fraudulently using the

names, DOBs, and SSNs of TSA employees.

    i.      On December 9, 2009, **DERRING** possessed the names, DOBs, and SSNs of 52 TSA employees.

    j.      On December 9, 2009, **WHITE** possessed the names, DOBs, and SSNs of another 52 TSA employees.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### Misrepresenting a Social Security Number with Intent to Deceive
### 42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. § 2

17. The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1-3 and 6-16 of this Indictment and charges that:

18. From on or about July 2008 through on or about December 9, 2009, in the District of Massachusetts and elsewhere, the defendants,

**MICHAEL DERRING a/k/a MICHAEL WASHINGTON and TINA WHITE,**

falsely represented a number to be the social security account number assigned by the Commissioner of Social Security to one of them and another person, when in fact such number was not the social security account number assigned by the Commissioner of Social Security to themselves and to such other person, with intent to deceive and for the purpose of obtaining for themselves and any other person (a) any payment, (b) any other benefit to which they and such other person were not entitled, and (c) anything of value from any person, and aided and abetted the same.

All in violation of Title 42, United States Code, Section 408(a)(7)(B) and Title 18, United States Code, Section 2.

## COUNT THREE
### Possessing 15 or More Unauthorized Access Devices with Intent to Defraud
### 18 U.S.C. §§ 1029(a)(3) and 2

19. The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1-3 and 6-16 of this Indictment and charges that:

20. On or about December 9, 2009, in the District of Massachusetts and elsewhere, the defendants,

**MICHAEL DERRING a/k/a MICHAEL WASHINGTON,**

knowingly and with intent to defraud possessed and aided and abetted the possession of fifteen or more unauthorized access devices, to wit, approximately 52 names, dates of birth, and Social Security numbers of employees of the Transportation Security Administration at Logan Airport apiece.

All in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

## COUNT FOUR
### Possessing 15 or More Unauthorized Access Devices with Intent to Defraud
### 18 U.S.C. §§ 1029(a)(3) and 2

21. The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1-3 and 6-16 of this Indictment and charges that:

22. On or about December 9, 2009, in the District of Massachusetts and elsewhere, the defendants,

**TINA WHITE,**

knowingly and with intent to defraud possessed and aided and abetted the possession of fifteen or more unauthorized access devices, to wit, approximately 52 names, dates of birth, and Social Security numbers of employees of the Transportation Security Administration at Logan Airport apiece.

All in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

## COUNT FIVE
### Aggravated Identity Theft
### 18 U.S.C. §§ 1028A(a)(1) and 2

23.     The Grand Jury realleges and incorporates by reference the allegations in paragraphs 1-3 and 6-16 of this Indictment and charges that:

24.     From on or about July 2008 through on or about December 9, 2009, in the District of Massachusetts and elsewhere, the defendants,

**MICHAEL DERRING a/k/a MICHAEL WASHINGTON and TINA WHITE,**

during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c) — that is, a violation of Title 18, United States Code, Section 1029(a)(3) and of Title 42, United States Code, Section 408(a)(7)(B) — knowingly transferred, possessed, and used without lawful authority a means of identification of another person, to wit, the names, dates of birth, and Social Security numbers of employees of the Transportation Security Administration at Logan Airport.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATIONS
### Criminal Forfeiture
**18 U.S.C. §§ 982(a)(2)(B), 1029(c)(1)(C)**

25. Upon conviction of any offense in violation of 18 U.S.C. §§ 371 or 1029 alleged herein, the defendants,

**MICHAEL DERRING a/k/a MICHAEL WASHINGTON and TINA WHITE,**

jointly and severally, shall forfeit to the United States: (1) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offense, pursuant to 18 U.S.C. § 982(a)(2)(B); and (2) any personal property used or intended to be used to commit the offense, pursuant to 18 U.S.C. § 1029(c)(1)(C).

26. If any of the property described above, as a result of any act or omission by the defendants -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intention of the United States, pursuant to 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described above.

All pursuant to Title 18, United States Code, Sections 982 and 1029, and Rule 32.2 of the

Federal Rules of Criminal Procedure.

A TRUE BILL

*Patricia Ann Fisher*
Foreperson

CARMEN M. ORTIZ
United States Attorney

Scott L. Garland
Assistant U.S. Attorney

Date: 5/11/10

Deputy Clerk